of the Office of the State Appellate Defender, and I represent Mr. Taylor. And we're asking this court to find that his bench trial was tantamount to a guilty plea and remand for compliance with Supreme Court Rules 604D and 605B. Alternatively, we would ask this court to find his nine-year sentence excessive. With respect to the first argument, we're asking this court to find that Mr. Taylor's stipulated bench trial was tantamount to a guilty plea if either the defendant stipulates to the sufficiency of the evidence or the defendant does not preserve a defense. And in this case, while Mr. Taylor did preserve an issue for his appeal, he also stipulated to the sufficiency of the evidence. Specifically, in the record, the court asked counsel if he agreed that the state could prove beyond a reasonable doubt those facts necessary to the elements of the offense. And defense counsel and Mr. Taylor agreed to that stipulation. So they stipulated not just to the evidence the state would present, but to the actual legal conclusion that that evidence was sufficient to establish the elements of the offense beyond a reasonable doubt. So when a stipulated bench trial is tantamount to a guilty plea, the Supreme Court Rules pertaining to guilty pleas apply. In here, the court did admonish Mr. Taylor before the stipulation pursuant to Rule 402, but the court failed to admonish him pursuant to Rule 605B after the stipulation. And 605B would apply because there was no agreed sentence. And the state agrees in its brief that if this guilty plea that remand for these admonishments and an opportunity to file a Rule 604D motion and to have counsel comply with Rule 604D because he did not file a certificate in this case would be necessary. And specifically, the court admonished Mr. Taylor more akin to Rule 605A, which is appropriate following a traditional trial. But under 605B, he also should have been motion to withdraw the plea or stipulation in this case within 30 days and that any issue that he didn't raise in such a motion would be waived. This court has two published decisions that address this type of scenario. In 2010 in Thompson, the parties all agreed that remand for proper admonishments under 605B was required in this type of case. In that case, it turned out the actually tantamount to a guilty plea. But the 4th District and the 5th District have also found that remand is required in this situation. More recently in People v. Weaver, this court met a different procedural situation where the defendant had had a stipulated bench trial, had preserved one issue, a motion to suppress, and sought to appeal that. And the state argued this court did not have jurisdiction because the defendant had not filed a 604D motion. And in that case, we agree with the outcome. This court found that that was not a condition precedent to the appeal because that had been preserved through the mechanism of the stipulated bench trial. But in this case, it's a little different because if Mr. Taylor had been seeking only to appeal his motion to have proceeded based on those courts admonishments. However, he also had the right to follow 604D and withdraw that stipulation within 30 days. And he was never made aware of that. And so he should have been admonished consistent with Rule 605B as to that. So we asked this court to find that his bench trial was tantamount to a guilty plea and that remand for compliance with Rule 605B and 604D is necessary. And also, if this court does not agree, we would ask this court to consider the excessiveness of Mr. Taylor's nine-year sentence. He was convicted of unlawful use of a weapon by a felon, a Class 3 offense subject to two to ten years, and he got a nine-year sentence, which is almost the most serious sentence you can get, even though the court found there was no harm caused. Nobody even realized that he had a gun until he was placed into custody. He kept it in his pocket. He never brandished it. He never made any indication that he intended to try to access it or use it. And the court specifically found it played no role in his encounter with the police. And he neither caused nor threatened serious physical harm. The state relies on Mr. Taylor's background to argue that such a severe sentence was warranted, but it's important to look specifically at these offenses. He had two Class 4s, one Class 3, and the Class 3 forgery was the offense underlying his UUW conviction. So it was already factored into exposing him to this two to ten year sentence. And none of these offenses were violent. While the trial court said it would make a, quote, sincere, he did make a very extensive showing of remorse and indicate his desire to turn his life around and his dedication to his family. And so we would ask this court to reduce his sentence. Good afternoon, Your Honors. Counsel, may it please the court. My name is Nicholas Atwood and I represent the people of the state of Illinois in this matter. I will begin by addressing defendant's argument that the stipulated bench trial was tantamount to a guilty plea. As counsel stated, there are two ways in which a stipulated bench trial can be found to be a guilty plea. The first is if there's no defense presented or preserved. And the second is the issue in this case, whether or not trial counsel for the defendant actually stipulated that the state could prove all of the elements and material facts beyond a reasonable doubt. And in this case, it all really is going to boil down to the interaction between the trial court and the defense counsel during this statement. The trial court stated, so defense counsel, from the discovery provided to you in your own investigation, does it appear that the state could prove beyond a reasonable doubt those facts necessary to the elements of the offense? Trial counsel for the defendant responded, yes, Your Honor, with respect to the gun charge, yes. Now, in our brief, we came to show the court how these words matter and these specific statements are important that were made by each party. In order for a guilty plea to be voluntary, it has to admit to both all the elements can be proven beyond a reasonable doubt. This statement does not admit both of those. This statement only admits that those facts that are necessary to the elements can be proven, which in essence is what the whole point of a stipulated bench trial is. The state has presented these stipulated facts. They were read to the court. And after that reading to the court, defense counsel said, yes, those facts can be proven. The trial court still has to make that decision and the state essentially still has their burden to show proof beyond a reasonable doubt. I think it's important in this case that we look at those words, does it appear that the state could. This is very different than the case in Horton and the case also in Weaver. In the Horton case, there were two stipulated bench trials, the second of which was found to be tantamount to a guilty plea. He, through me, acknowledges that there is sufficient evidence to convict him of armed robbery and aggravated battery as charged. In terms of the sufficiency of the evidence, we are stipulating. That is a very affirmative, overt statement that clearly shows that they are stipulating that the state can prove everything beyond a reasonable doubt. What the defense counsel here is essentially asking this court to do is infer the meaning of the trial counsel's words. We weren't present. We're not 100% aware of what the context of those statements are as far as what's going on in those individuals' heads. Now, we do know that prior to the judge asking this question, the judge himself indicated that the parties were going to plead guilty. But it's not the trial court's words that matter. It's only their words that matter in the context of defendant's response. And so even though the trial court indicated that there was going to be a guilty plea, that's not relevant for this court's consideration. And that's sort of similar to the instance of People v. Thompson, our third district case that was cited by counsel. In Thompson, the court recognized that the factual basis clearly established defendant's guilt. There was no question left whatsoever the defendant was guilty. However, the defendant had 402 admonishments, which the defendant in this case had, and he made his stipulated bench trial knowing and understanding, having had those admonishments. Additionally, his counsel stated that the state could prove those facts. So in essence, they stated that this is obviously a guilty situation here, but our court found that that was not tantamount to a guilty plea just because the facts clearly reflected guilt. Moreover, counsel cited the case of People v. Weaver from our district. That's another example of where the language chosen by defense counsel and the trial counsel affirmatively show that trial counsel's doubt. In that case, the trial court asked the defense counsel, are you agreeing that there is sufficient evidence to prove the defendant guilty beyond a reasonable doubt? The defense counsel said, yes, your honor. So again, Horton and Weaver are cases that are directly on point in this issue, but the language of Horton and Weaver are clearly distinguished from the language of this case, where... provided in your own investigation, does it appear that the state could prove beyond a reasonable doubt those facts necessary to the elements of the offense? I mean, it doesn't seem to vary in any material respect from the one, you know, that you had cited, I don't know if it was important, but the Supreme Court acknowledged it and said that it was. Well, in Horton, for example, he said he acknowledged that there was sufficient evidence to convict of armed robbery. And in this case, what the interpretation is, is that the trial court is asking, does it appear the state could prove these facts beyond a reasonable doubt? But in order for that to rise to the level of a guilty plea, they would have to prove those facts and they would have to prove all of the elements. And so the defendant has not said, overtly, you can prove all of these facts and all of these elements. Unnecessary to the elements of the offense. Reasonable doubt. Those facts necessary to the elements. Correct. And we acknowledge it's a slim distinction that the state is trying to point out. The issue is, there is a distinction. And we believe there is a distinction in those words. And we also think, in the context of a stipulated bench trial, it's important to consider the stipulated bench trial is really almost a legal fiction. It's a procedural mechanism that's been created for defendants to receive the benefits of a guilty plea, but also to preserve issues for appeal, to avoid issues of waiver and forfeiture. And so, in reality, theoretically, a stipulated bench trial could result in an acquittal for a defendant. However, in reality, they almost never do so. Because if there was any doubt as to the facts or of defendant's guilt, nobody would receive via a stipulated bench trial. No prosecutor would take that chance. No defense counsel would take that chance. And I think in the context of this case, that's a very important distinction. Because as was stated, defense counsel initially filed a motion to suppress and quash arrest because he did not believe that the police officers had a reasonable enough suspicion to stop Mr. Taylor. All the other elements could be easily proven. There's no question that Mr. Taylor is a felon. There's no question that Mr. Taylor possessed the weapon unlawfully. However, if the motion to suppress is successful on appeal, which was the point of preserving this issue to go through a stipulated bench trial, it does not matter that the defendant stipulates to these facts. Because they're irrelevant. Because once the motion is suppressed, if it were to be granted, they're moot. And so I think this case presents a unique context where preserving that motion to suppress, which was the defense's trial strategy, I think it defeats any conclusion that this was a tantamount to a guilty plea. Because the defendant is saying, look, you can prove these facts, but that does not automatically result in guilt. Because we preserved this defense, this motion is suppressed, which could result in an ultimate acquittal. And so I think that provides an appropriate context for looking at the very narrow facts of this case. I don't think that would apply in numerous other provisions. But that also seems to coalesce with Thompson. Because in Thompson, the defendant had preserved a constitutional issue prior to trial. And in our court's ruling in Thompson, they included the fact that he'd been admonished under 402A, and he had preserved a constitutional defense on that the trial was not a tantamount to a guilty plea. And now, turning now to the second issue, of course, if this court finds that the defendant's stipulated bench trial was not tantamount to a guilty plea, we believe the nine-year sentence should be upheld. As we stated, the defendant received a nine-year sentence. And courts in Illinois routinely held that a sentence that falls within the statutory range is presumed to be not excessive. The statutory range for the crime committed by the defendant was two to ten years. And while the defendant did receive a sentence in the high nine years, it's important to note that there were a lot of aggravating and mitigating factors that were present. One thing I should note, I'm actually getting ahead of myself. First and foremost, this issue wasn't preserved on appeal for the sentencing. In order for this issue to have been preserved on appeal under People v. Cohn in our court, the defendant was required to both object to the perceived error during the sentencing hearing, as well as incorporate that perceived error into the motion to reconsider. In this case, there was no objection at the sentencing hearing from the defense counsel, and the post-trial motion merely alleged that the trial court failed to properly consider the defendant's remorse. The defendant argues that this court should consider this under the plain error doctrine, the second prong specifically, because sentencing issues affect substantial rights. However, the second prong of the plain error doctrine is not a general savings clause. It's a limited and narrow exception under our Supreme Court's ruling in People v. Himmler. Plain error can only be considered if either the evidence is closely balanced at the sentencing hearing, or if there was some grievous error that denied the defendant a fair sentencing hearing. And in this case, neither of those has been alleged. The evidence was not closely balanced. As I stated, as far as aggravating factors go, this was the defendant's fourth felony conviction by age 28. He had a history of domestic violence convictions and other crimes, and he continued to recidivate after the fact. The record also showed that the defendant was on parole for his previous offense when he committed the instant crime. The trial court also found that the defendant had only worked approximately two years out of the last 15, and that the defendant did not adequately support his children. His child support obligation was something like $11 a month. So the trial court considered all these factors. And while the defense counsel noted the seriousness of the offense, the trial court did actually find that to be a mitigating factor because at no time during the offense did the defendant reach for the weapon. Now, in our brief, the people noted that the defense counsel was involved in a scuffle with police. He was tased. It was possibly unlikely that he could even reach for the weapon, but the trial court did find that to be a mitigating factor. And additionally, the trial court noted, and the trial court went to extreme lengths. There were many pages in the record devoted to analyzing factors in aggravation and mitigation. And the trial court noted that it did not find the defendant's allocution to be genuine because in that allocution, the defendant asked for probation, boot camp, anything that would shorten his sentence. And based on that language, the trial court appropriately found that this was really just geared towards receiving a shorter sentence. And given the nature of the defendant's criminal histories, counsels pointed out that these felonies were mostly class four, class three, lower end felonies. But one of the other felonies was in fact possession of a weapon without a fluid card. And so that's two different felony convictions the defendant has had for unlawfully possessing a weapon. And in addition, the instant crime when the defendant was found in possession of the possession of 20 individually wrapped baggies of marijuana. And so the weapon was clearly being used in furtherance of his drug dealing enterprise. And I think taking all these facts that were contained in the record, the trial court reviewing those facts determined that a nine year sentence would be appropriate. And in fact, the trial court stated a nine year sentence would be appropriate for the protection of the public. And I know that the plain air doctor has been satisfied and that the sentence can be heard. I think based on the factors I've laid out, the sentence is clearly supported by the factors and aggravation. And so the people would respectfully request that this court affirm the conviction of the trial court and affirm the sentence. Thank you. Thank you, Your Honor. I'd just like to make a couple of points with respect to whether this stipulated bench trial was tantamount to a guilty plea. The state acknowledges that they are making a slim distinction. And I our position is that they are not making the correct distinction. The state pointed out Thompson again. And Thompson is a perfect example of where the line is. And it shows that we fall on the tantamount to a guilty plea side of this line. The language in Thompson from the court was, do you agree the state could present this evidence, the evidence they described? Yes. Here, do you believe the state could present evidence that establishes the elements beyond a reasonable doubt? It's the distinction between stipulating some facts and stipulating to a legal conclusion. The defense in this case stipulated to the legal conclusion that the evidence could establish the necessary facts beyond a reasonable doubt. The word sufficiency was not used, but it's not necessary because proof beyond a reasonable doubt is the legal standard. With respect to the sentencing, we disagree that this issue is not preserved. A motion to reconsider the sentence was, was passed. And the motion to reconsider was filed and argued. And we just ask this court to the extent that any part of our argument was not specifically included in that motion, that this court still consider the issue. But we, our position is that a nine year sentence, even in light of Mr. Taylor's background, so close to the maximum of 10 years, for something that caused no harm, he was, you know, standing there visiting a friend in a dangerous neighborhood, a dangerous apartment complex, and he had a gun in his pocket. The trial court didn't make any findings about the cannabis that should allow that to increase the sentence. There's no indication if it was ever even, you know, tested or anything like that. So we would ask this court to, first and foremost, remand for compliance with the rule 604D and 605B. But if not, then please consider reducing Mr. Taylor's sentence. Thank you. Thank you. I thank you both for your argument today. We will take this matter under advisement. Thank you.